UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JONATHAN KAPRON,

    Plaintiff,

v.

XING YONG SHENG, INC., a Florida profit corporation d/b/a CRAZY SUSHI, JIAN ZHONG CHEN, BIN CHEN, and XIN CHENG,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, JONATHAN KAPRON, ("KAPRON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, XING YONG SHENG, INC., a Florida profit corporation d/b/a CRAZY SUSHI, (hereinafter "CRAZY SUSHI"), JIAN ZHONG CHEN, BIN CHEN, and XIN CHENG, and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. During all time periods set forth herein, the Defendants operated a sushi restaurant.

5. At all times material hereto, corporate Defendant, CRAZY SUSHI, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

7. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

8. During all time periods set forth herein, the Defendants had no less than 10 employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce. Those workers also handled food and drinks which were originally manufactured outside the State of Florida.

9. During all time periods set forth herein, the Plaintiff was individually covered by the FLSA by virtue of his use of instrumentalities of interstate commerce on a regular and recurrent basis as part of his employment. Specifically, the credit card transactions ran by Plaintiff for Defendants' customers, required the Plaintiff to make, throughout his workweek, interstate transmissions by telephone and broadband to banks and credit card merchant processors outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, KAPRON, was a resident of Jacksonville, Duval County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. During all time periods set forth herein, corporate Defendant CRAZY SUSHI was conducting business in Jacksonville, Duval County, Florida, with its principal place of business in that city.

15. During all time periods set forth herein the Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

16. During all time periods set forth herein, Defendants, CRAZY SUSHI, JIAN ZHONG CHEN, BIN CHEN, and XIN CHENG knowingly, willfully and maliciously failed to pay Plaintiff, KAPRON his lawfully earned wages in conformance with the FLSA.

17. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. On or about May 27, 2019, Plaintiff, KAPRON was hired by the Defendants as a server at the Defendants' restaurant. His employment ended about February 2, 2020.

21. During all time periods set forth herein, above, Plaintiff, KAPRON, was paid below the full minimum wage for all his work hours.

22. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

23. Defendants, JIAN ZHONG CHEN, BIN CHEN, and XIN CHENG were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations.

24. Defendants JIAN ZHONG CHEN, BIN CHEN, and XIN CHENG were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

25. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

26. Plaintiff realleges Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

28. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

29. Defendants unlawfully availed themselves to an FLSA "tip credit."

30. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against the Plaintiff's minimum wages.

31. The Defendants acted willfully.

32. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which were misappropriated by the Defendants; and,

f. all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

33. Plaintiff reallege Paragraphs 1 through 25 as if fully stated herein.

34. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

35. During Plaintiff's employment, Defendants paid him less than the Florida minimum wage for all of his work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation;

e. Awarding Plaintiff prejudgment interest;

g. recoupment of all tips and monies which were misappropriated by the Defendants; and,

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: September 21, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298

Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: <u>s/.  Peter Bober</u>
      PETER BOBER
              FBN: 0122955
      SAMARA BOBER
      FBN: 0156248